UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:15-CV-125-TBR

RONALD H. HOBSON                                                                                    PLAINTIFF

v.

UNITED STATES OF AMERICA,                                                                DEFENDANT

**MEMORANDUM OPINION**

Plaintiff Ronald Hobson, proceeding *pro se* and *in forma pauperis*, filed the instant suit against the "United States government and everything beneath all the way down to local county government all states all counties and governmental departments." [DN 1 at 1.] Upon initial review of Hobson's complaint pursuant to 28 U.S.C. § 1915(e)(2), the Court construed Hobson's complaint as alleging an action under the Federal Tort Claims Act (FTCA) concerning medical treatment that he received from Veterans Affairs Medical Centers. [DN 5 at 1.] Accordingly, the Court allowed the case to proceed against the United States, as the exclusive entity responsible under the FTCA, but concluded that, as Hobson had set out no allegations that would implicate any state or county government, any claims Hobson may have been attempting to bring against such entities were dismissed. [*Id.* at 2.]

The Defendant, the United States of America, then filed a motion to dismiss for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). [DN 11.] After this Court issued a Show Cause Order noting that the time for Plaintiff Ronald Hobson to respond had passed [DN 12], Hobson filed a response. [DN 13.] The United States replied. [DN 14.] Hobson then filed an additional response. [DN 15.]

1

However, upon further review of Hobson's complaint, the Court has determined that it need not address the United States' motion to dismiss. Rather, under § 1915(e)(2), "the court shall dismiss the case *at any time* if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii) (emphasis added). Although the Court previously held that Hobson's complaint passed the initial screen required under § 1915(e)(2) and characterized Hobson's complaint as bringing suit against the United States under the FTCA, the Court is no longer convinced of this. The Court has "inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment." *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991) (citing *Marconi Wireless Telegraph Co. v. United States,* 320 U.S. 1, 47–48 (1943)). Further, "district court[s] may modify, or even rescind, such interlocutory orders." *Id.* (citing *Simmons Co. v. Grier Brothers Co.,* 258 U.S. 82, 88 (1922)).

Indeed, the Sixth Circuit has noted that "[a] case that may not initially appear to meet § 1915(e)(2) may be dismissed at a future date should it become apparent that the case satisfies this section." *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds, Jones v. Bock,* 549 U.S. 109, 205 (2007). *See also Lewis v. Michigan Occupational Safety & Health Admin.*, No. 13-10889, 2013 WL 2050479, at *2 (E.D. Mich. May 3, 2013), *report and recommendation adopted*, No. 13-10889, 2013 WL 2049549 (E.D. Mich. May 14, 2013) (same). Upon second review of Hobson's complaint, for the reasons explained in detail below, the Court is convinced that is the case here. Accordingly, the Court's prior Order [DN 5] is **VACATED** and this action is **DISMISSED** for failure to state a claim on which relief can be granted under § 1915(e)(2)(B)(ii). The United States' motion to dismiss [DN 11] is therefore **DENIED AS MOOT**.

STANDARD

The 12(b)(6) standard for failure to state a claim on which relief can be granted "governs dismissals for failure to state a claim under [§ 1915(e)(2)(B)(ii)] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010). Under that standard, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to survive a motion to dismiss under Rule 12(b)(6), a party must "plead enough 'factual matter' to raise a 'plausible' inference of wrongdoing." *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

When applying the Rule 12(b)(6) standard, the court must presume all of the factual allegations in the complaint are true. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Great Lakes Steel v. Deggendorf*, 716 F.2d 1101, 1105 (6th Cir. 1983)). "The court need not, however, accept unwarranted factual inferences." *Id.* (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). Should the well-pleaded facts support no "more than the mere possibility of misconduct," then dismissal is warranted. *Iqbal*, 556 U.S at 679. The Court may dismiss the case "only if, after drawing all reasonable inferences from the allegations in the complaint in favor of the plaintiff, the complaint still fails to allege a plausible theory of relief." *Garceau v. City of Flint*, 572 F. App'x. 369, 371 (6th Cir. 2014) (citing *Iqbal*, 556 U.S. at 677–79). "*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore

3

be liberally construed." *Otworth v. Budnik*, 594 F. App'x 859, 861 (6th Cir. 2014) (quoting *Williams v. Curtin,* 631 F.3d 380, 383 (6th Cir. 2011) (citation omitted)).

## DISCUSSION

Simply stated, even liberally construing Hobson's *pro se* complaint, the Court is unable to ascertain any cause of action raised therein. Hobson states, for example, that he

> want[s] a specific kind of home that is energy efficient and environmentally friendly with adaptive access and can afford the payments and have the credit. I want land to put it on. I want my fiancé to marry and assist each other with better lives and to be together. I want healthcare. I want help and Justice and that is it. May I please have it? Did not I earn it? Is it not a right as an American Citizen at least if not disabled veteran? I have disability papers saying I earned it at least in part of that for which I am asking.

[DN 1 at 2.] Hobson further asserts that his "[d]octor at the VA murdered that heartless bastard that could deal with this and then just left me to die all over again and nobody cares and nobody will do their job and do anything about it." [*Id.*] Additionally, Hobson alleges that

> [c]urrent VAMC travel is running at about 50% accuracy, my appointments are not showing up even when the people supposed to help with appointments are looking for them, medications are running at about 75% kept refilled on standing prescriptions, I got sent the wrong eye glasses, I have a vender [sic] calling me complaining because the VA will not pay him for my appointments but they do for everyone else's, and the central pharmacy is sending me worthless medication for one of my medications endangering my life and the pharmacy says there is no one that can do anything about it.

[*Id.* at 3.]

But even accepting these allegations as true, as the Court must do when determining whether Hobson's complaint states a claim on which relief can be granted, the Court can discern no grounds for liability. Though Hobson mentions "the VA" and a Veterans Affairs Medical Center (VAMC), Hobson provides the Court with *no* information as to where or at which VA facilities any alleged wrongdoing took place. Additionally, because Hobson's allegations are so

4

unclear, the Court is additionally unsure as to who or which entity is the proper defendant in this matter.

And although Hobson attached multiple documents to his complaint, under the 12(b)(6) standard, the Court may consider "exhibits attached [to the complaint] . . so long as they are referred to in the [c]omplaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citing *Amini v. Oberlin Coll.,* 259 F.3d 493, 502 (6th Cir. 2001)). Here, Hobson does not refer to any of the attachments included with his complaint. Therefore, without more, the Court is unable to say what those documents mean and whether they are "central to the claims" made in his complaint.

Unfortunately, even accepting Hobson's allegations as true and drawing all reasonable inferences in his favor, the Court cannot discern a plausible claim for relief. Accordingly, dismissal under § 1915(e)(2)(B)(ii) is proper.

## CONCLUSION

For the reasons stated herein, the Court's prior Order [DN 5] is **VACATED** and this action is **DISMISSED** for failure to state a claim on which relief can be granted under § 1915(e)(2)(B)(ii). The United States' motion to dismiss [DN 11] is therefore **DENIED AS MOOT**. The Court will enter a separate Order and Judgment consistent with this Memorandum Opinion.